**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ENGINEERED ABRASIVES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18 cv 6562 |
| | ) | |
| v. | ) | Judge Matthew F. Kennelly |
| | ) | |
| EDWARD C. RICHERME, EDWARD | ) | Magistrate Judge Jeffrey I. Cummings |
| RICHERME, and KAREN RICHERME, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS

Plaintiff Engineered Abrasives, Inc. ("EA"), by its attorneys, respectfully moves this Court to dismiss this action with prejudice pursuant to Fed. R. Civ. P. 41(a)(2). In support of this Motion, EA states as follows:

### INTRODUCTION

At this point in the litigation, EA is concerned that the cost of prosecuting its claims through trial outweighs the damages it might recover. To be clear: EA had a more-than good faith basis to bring this action—including its claim for breach of a Settlement Agreement between the parties—especially given that the Richermes' defense has been to argue, in essence, that any wrongdoing was unintentional and any harm *de minimus*. But now that EA has lost its bid for early resolution of its claim for breach of contract, and is faced with incurring substantial legal fees and costs to secure what discovery has revealed may be actual damages of only a few thousand dollars, it makes little practical sense to continue prosecuting the case to verdict. Therefore, EA respectfully moves to voluntarily dismiss this action pursuant to Rule 41(a)(2) and, as a condition of dismissal, will agree that the dismissal would be with prejudice. However, the resolution of any putative claim by defendants for attorneys' fees should be left to another day.

**ARGUMENT**

Under Fed. R. Civ. P. 41(a)(2), after the opposing party serves an answer, as defendants did here, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Because such a dismissal is presumptively without prejudice, *id.*, the decision to grant a Rule 41(a)(2) motion often turns on whether "the defendant will suffer 'plain legal prejudice' as the result of the district court's dismissal of the plaintiff's action." *United States v. Outboard Marine Corp.*, 789 F.2d 497, 502 (7th Cir. 1986). In an effort to short-cut this issue, EA is willing to dismiss its lawsuit with prejudice.

Presumably, defendants will not object to a dismissal of this action with prejudice. Instead, their principal concern appears to be the recovery of attorneys' fees to which they believe they are entitled under a Settlement Agreement between the parties. EA respectfully requests that the Court *not* condition the dismissal on payment of attorneys' fees for two reasons:

First, a dismissal with prejudice is a sufficient condition under Rule 41(a)(2) to obviate any need to condition the dismissal on the payment of fees. *See Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir. 1985) ("Fees are not awarded when a plaintiff obtains a dismissal with prejudice because the 'defendant cannot be made to defend again.'"); *cf. Marlow v. Winston & Strawn*, 19 F.3d 300, 303 (7th Cir. 1994) ("As we have previously observed, such terms and conditions [payment of fees] 'are the quid for the quo of allowing the plaintiff to dismiss his suit without being prevented by the doctrine of res judicata from bringing the same suit again.'").

Second, any request for fees under the terms of a Settlement Agreement can and should be decided apart from the dismissal.[1] *See Chicago Mercantile Exch. Inc. v. ICE Clear US, Inc.*,

---

[1] The Settlement Agreement provides in relevant part:

Choice of Law and Forum Selection. Any action to enforce the Agreement must be brought in the United States District Court, Northern District of Illinois. Any action to enforce the

No. 18 C 1376, 2020 WL 4430562, at *1 (N.D. Ill. July 31, 2020) ("The Court declines to condition the dismissal upon payment by CME of ICE's attorney's fees. ICE does not actually ask for this as a condition. Rather, it contends that fees are a matter to be determined later and asks the Court to overrule CME's request to preclude a fee award. The Court agrees that this is a matter appropriately determined later following briefing.").

That said, if this Court is inclined to condition dismissal of this lawsuit on the payment of attorneys' fees, then EA may seek to withdraw this motion and proceed to trial on its claims. *See Marlow*, 19 F.3d at 304, 305 ("It only makes sense that a plaintiff seeking a 'voluntary' dismissal is not required to accept whatever conditions the court may impose as a prerequisite for dismissal. . . . "[O]ther circuits have made it clear that the 'terms and conditions' clause of Rule 41(a)(2) grants plaintiff the option of withdrawing his motion if the district court's conditions are too onerous, and proceeding instead to trial on the merits."; "A court should not label something as a term and condition yet not afford the affected party an opportunity to consider his options before making his decision."). As noted at the outset, although it makes little economic sense to litigate this case to trial given the potential damages at issue, that calculus changes significantly if EA will be required to pay attorneys' fees as an express condition of voluntary dismissal.

## CONCLUSION

WHEREFORE, Engineered Abrasives, Inc. respectfully requests that this Court allow EA to voluntarily dismiss this action with prejudice pursuant to Fed. R. Civ. P. 41(a)(2) and grant such further relief as the Court deems fit.

---

terms of the Agreement shall provide the prevailing Party with recovery of reasonable attorney's fees and costs incurred in connection with any action to enforce the Agreement.

EA disagrees that Defendants may recover attorney's fees under this provision.

Dated:  January 20, 2021              Respectfully submitted,

                                      /s/ David M. Friebus
                                      Leif R. Sigmond, Jr.
                                      Jennifer M. Kurcz
                                      David M. Friebus
                                      BAKER & HOSTETLER LLP
                                      One North Wacker Drive, Suite 4500
                                      Chicago, Illinois 60606
                                      (312) 416-6200 (phone)
                                      (312) 416-6201 (fax)
                                      lsigmond@bakerlaw.com
                                      jkurcz@bakerlaw.com
                                      dfriebus@bakerlaw.com

                                      *Attorneys for Engineered Abrasives, Inc.*

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on January 20, 2021, he caused the foregoing **PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS** to be served on counsel of record via the United States District Court's ECF system.

/s/ David M. Friebus
David M. Friebus