**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ENGINEERED ABRASIVES, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 18 C 6562** |
| | ) | |
| **EDWARD C. RICHERME, EDWARD RICHERME, and KAREN RICHERME,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER ON DEFENDANTS' MOTION FOR ATTORNEYS' FEES**

Engineered Abrasives, Inc. filed suit against Edward C. Richerme, Edward Richerme, and Karen Richerme, asserting claims under the Lanham Act and the Illinois Consumer Fraud and Deceptive Business Practices Act, and under state law for breach of contract and unjust enrichment. EA manufactures and services blast finishing and shot peening equipment. Edward Richerme and his son Edward C. Richerme worked for EA as machine technicians and builders. Starting in 2009, Edward and his wife Karen had a separate business called ER Parts, which they operated out of their home and which, along with another business owned by Karen, had a business relationship with EA. In 2011, Edward left EA's employment, and EA severed its relationship with the Richermes' businesses and terminated Edward C.'s employment.

EA alleges that while still working for EA, the defendants created a separate competing business called American Machine Products & Service, Inc., which they also operated out of their residence and through a website with the domain name www.ampsabrasives.com. In 2012, EA sued Edward, Edward C., and AMPS in state

court, alleging they had used EA's trade secrets for their own benefit. An order prohibiting certain activities by the defendants was entered in 2012. EA sued the same defendants again in 2013, this time in federal court, alleging trademark and copyright infringement. A default judgment was entered against the defendants in 2015.

EA filed still another lawsuit against the defendants (including Karen Richerme) in federal court later in 2015, alleging defamation. This suit was settled in 2016 pursuant to a written settlement agreement. The agreement provided for an injunction prohibiting the defendants from making false or misleading statements about EA or its products or services. The settlement agreement also provided for injunctive relief and liquidated damages upon a breach. It included an attorney's fee-shifting provision that the Court will discuss later in this order.

In the interim, the defendants filed for bankruptcy, and later certain assets of AMPS were sold to EA in a bankruptcy court-sponsored sale. EA alleged in the present lawsuit that among the assets it purchased in the sale were the rights to the www.ampsabrasives.com domain and the right to do business under the name American Machine Products & Service, Inc. Despite this, EA alleged, the defendants continued to use the business name and to list the domain name as their own, and they manufactured and sold products in a manner likely to cause confusion with EA's products. These allegations formed the basis of EA's claims in the current lawsuit. In particular, EA alleged in its breach of contract claim (count 3) that the defendants "breached the Settlement Agreement," Pl.'s Compl. ¶ 71, by making false and misleading statements regarding their nonexistent affiliation with EA—specifically by their use of the AMPS marks and domain name, which EA contends it owns, in

connection with the sale of competing products. In the prayer for relief in its complaint, EA sought an injunction barring the defendants from continuing to use the trademark and domain name, actual damages, liquidated damages under a term of the settlement agreement, and a declaration that EA's releases under the settlement agreement are null and void.

After discovery, EA moved for summary judgment on the breach of contract claim. The Court denied the motion in late September 2020, concluding that "EA has not established that it owns AMPS's trademarks, trade name, and goodwill, . . . an essential element of its breach of contract claim . . . ." Dkt. no. 111 at 14. In December 2020, after an unsuccessful settlement conference before Magistrate Judge Cummings, the Court set the case for trial in June 2021.

In January 2021, EA moved to voluntarily dismiss its claims with prejudice. Defendants objected unless the Court conditioned the dismissal on payment of its legal fees and expenses under the settlement agreement's fee-shifting term. After considering the parties' arguments, the Court entered an order granting EA's motion for voluntary dismissal with prejudice but stated that "[t]he dismissal is conditioned upon defendant's entitlement to file a petition for attorneys' fees . . . based on paragraph 5 of the parties' settlement agreement . . . ." Dkt. no. 124. Defendants then filed a motion asking for a fee award—with the amount to be determined—and the motion is now fully briefed.

The relevant provision of the settlement agreement reads as follows:

> 5. **<u>Choice of Law and Forum Selection</u>.** Any action to enforce the Agreement must be brought in the United States District Court, Northern District of Illinois. Any litigation to enforce the terms of the Agreement shall provide the prevailing Party with recovery of reasonable

> attorney's fees and costs incurred in connection with any action to enforce the Agreement. The Agreement shall be governed by and construed in accordance with the laws of the State of Illinois, without regard to choice of law principles of the State of Illinois, except where the Federal Rules provide the basis for action or the issue requires application of Federal law.

Pl.'s Compl., Ex. C ¶ 5.

There is no question that the Richermes are "the prevailing parties" in this case; the claims against them have been dismissed with prejudice. The only dispute is whether the present lawsuit, or any of the claims in it, constitute "litigation to enforce the terms of the [Settlement] Agreement." This is not a difficult question: the answer is yes. An action for breach of a contract is an action to enforce the contract. If there could possibly be any doubt about this, it is resolved by the fact that EA expressly sought an injunction seeking to enforce a term of the agreement, specifically the term in which the Richermes agreed to an injunction barring them from making false and misleading statements about EA, its products or services, or its officers or owner. *Id.* ¶ 1.1. (EA alleged in the lawsuit that the defendants' statements suggesting an affiliation with EA—by indicating an ongoing affiliation with AMPS and its domain name, which EA claims it owns—were false and misleading statements regarding EA. *See* Pl.'s Compl., Ct. 3 (breach of contract claim) ¶ 71. EA also sought to enforce the settlement agreement in at least one other way, by requesting a judgment for liquidated damages, an express term of the agreement. There is no question that this request amounted to an attempt to "enforce" the liquidated damages term of the settlement agreement.

EA contends there is a difference between an action for breach of contract and an action to enforce a contract. This argument lacks merit. As defendants point out, the common meaning of the term "enforce" is "to give force or effect to" or "to compel

obedience to." Defs.' Reply at 2 (citing Black's Law Dictionary 668 (11th ed. 2019)). That is exactly what EA was attempting to do via its breach of contract claim and the relief it sought. The Seventh Circuit has treated a suit for breach of contract as essentially synonymous with a suit to enforce a contract. It made the following statement in *Jones v. Association of Flight Attendants-CWA*, 778 F.3d 571 (7th Cir. 2015): "Suits for breach of contract, *including those to enforce ordinary settlements*, arise under state law." *Id.* at 573 (emphasis added).

**Conclusion**

The ruling date of March 16, 2021 is vacated. For the reasons stated in this order, the Court concludes that plaintiff is entitled to attorney's fees and expenses under paragraph 5 of the settlement agreement, at least insofar as the fees and expenses relate to count 3, plaintiff's breach of contract claim. The Court strongly urges the parties to confer and attempt to agree upon a mutually acceptable fee award. If they are unable to do so, defendants' motion for fees and expenses under Local Rule 54.3 will be due on June 14, 2021, ninety-one days from now. The parties are directed to promptly confer and exchange the information called for under Local Rule 54.3(d) pursuant to the schedule set forth in the Rule. The joint statement under Local Rule 54.3(e) is due on May 24, 2021. The case is set for a telephone status hearing on April 23, 2021 at 8:50 a.m., using call-in number 888-684-8852, conference code 746-1053.

Date: March 14, 2021

MATTHEW F. KENNELLY
United States District Judge